# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EDWARD A. SEDILLO, SR.,

    Plaintiff,

vs.                                                  Civil No. 02-965 WJ/LCS

STATE OF NEW MEXICO,
New Mexico State Highway and
Transportation Department,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Defendant's Motion for Summary Judgment [Docket No. 28]. Having reviewed the submissions of the parties and being otherwise fully advised, I find that the proceedings in this case will be stayed.

## BACKGROUND

Plaintiff filed a Complaint in the Twelfth Judicial District Court, County of Lincoln, State of New Mexico on May 9, 2002. This Complaint (hereinafter "State Complaint") named the State of New Mexico as the defendant and alleged that the defendant was in violation of the New Mexico Human Rights Act, N.M. Stat. Ann. 1978 § 28-1-1 et seq., by virtue of age and national origin discrimination. See Exhibit 1 to Defendant's Motion to Stay Proceedings [Docket No. 21]. On August 6, 2002, Plaintiff filed a Complaint in this Court alleging that Defendant State of New Mexico engaged in age and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended and in violation of the Age Discrimination in Employment Act (ADEA). See Docket No. 1.

Because the facts giving rise to both the State Complaint and the Complaint filed in this Court were virtually identical, Defendant filed a motion to stay these proceedings pending outcome of the case filed in state court. See Docket No. 21. By Order filed August 27, 2003, this case was stayed. See Docket No. 24. On January 26, 2004, the Twelfth Judicial District Court, County of Lincoln, State of New Mexico granted summary judgment in favor of Defendant in the state case and entered an Order of Dismissal With Prejudice. See Exhibit 2 to Defendant's Memorandum in Support of Motion for Summary Judgment [Docket No. 29].

In the instant motion, Defendant argues that it is entitled to summary judgment on Plaintiff's federal claims under the doctrine of *res judicata*. Plaintiff does not offer argument that the state court judgment is not entitled to be given preclusive effect. Instead, Plaintiff relates that the state court judgment has been appealed and requests that this Court stay proceedings pending the outcome of that appeal.

**DISCUSSION**

The "full faith and credit" statute requires that a federal court give a state court judgment the same preclusive effect as the judgment would be given in the state court from which it issued. 28 U.S.C. § 1738; see also Strickland v. City of Albuquerque, 130 F.3d 1408, 1411 (10th Cir. 1997). Thus, this Court must give the Order of Dismissal With Prejudice issued by the Twelfth Judicial District, County of Lincoln, State of New Mexico the same preclusive effect it would be given in a New Mexico state court.

Under New Mexico law there are four necessary elements for *res judicata*: (1) the same party or parties in privity between the two causes of action; (2) identity of capacity or character of persons for or against whom a claim is made; (3) the same subject matter; and (4) the same cause

of action in both suits. Strickland, 130 F.3d at 1411 (citing Myers v. Olson, 100 N.M. 745, 676 P.2d 822, 824 (1984)). There is no doubt that the first three elements are met in this case. The state court case involved the same parties, an identity of the capacity and character of persons against whom the claims were made, and the same subject matter as the case filed in this Court.

With regard to the fourth element, the state court case involved a cause of action under the New Mexico Human Rights Act while the case in this Court is brought pursuant to Title VII and the ADEA. However, *res judicata* bars litigation of claims that were **or could have been** raised in the earlier proceeding. See Strickland, 130 F.3d at 1411 (emphasis added). In determining whether a cause of action is the same as that in a prior proceeding, New Mexico has adopted the transactional approach set forth in Restatement (Second) of Judgments Sections 24 and 25. Strickland, 130 F.3d at 1411. Pursuant to this approach, a valid and final judgment rendered in an action extinguishes a plaintiff's right to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Id. A court must analyze the facts giving rise to the claims to determine whether they arose from the same transaction or series of connected transactions. See Id. In this case, the facts giving rise to Plaintiff's claims in the State Complaint are virtually identical to those giving rise to the claims brought in this Court. Therefore, the fourth element is met.

Plaintiff urges that, if it is determined that the state court judgment is entitled to be given preclusive effect in this Court, this Court should stay proceedings in this case pending the outcome of an appeal of the state court judgment. Again, this Court must look to New Mexico

law to determine the affect of a pending appeal on the application of res judicata.[1]

No New Mexico case has directly addressed whether a pending appeal affects the application of *res judicata*. When the highest state court has not ruled on a question of state law, a federal court's task is to predict how that court would rule on the issue. Lampkin v. Little, 286 F.3d 1206, 1209 (10th Cir. 2002). When attempting to predict how state's highest court would rule on state law issue, a federal court is free to consider all available resources, including decisions of lower state courts, of courts in other states, decisions of federal courts, and the general weight and trend of authority. F.D.I.C. v. Schuchmann, 235 F.3d 1217, 1225 (10th Cir. 2000).

In Chavez v. Mountainair Sch. Bd., 457 P.2d 382 (N.M. App. 1969), the plaintiff sued a school board for personal injuries she suffered when some hardware on a gymnasium door fell and hit her on the head. Under New Mexico law in effect at the time, judgment could not be had against a school district unless the district had liability insurance to cover the amount and cost of such judgment. Id. at 383 (citing N.M. Stat. Ann. 1953 § 5-6-20). In a prior proceeding, the school board had obtained a declaratory judgment that its insurance carrier was neither obligated to defend nor indemnify the board in connection with the plaintiff's claim. Id. at 383. The declaratory judgment was appealed. Id. Based on the declaratory judgment, the school district sought and obtained summary judgment with regard to the plaintiff's claims in Chavez. Id. at 384. In reviewing the summary judgment issued in favor of the school board and against the

---

[1]Plaintiff argues that state court cases do not control on this issue, and urges this Court to look solely to federal case law. However, as previously noted, this Court must give the same preclusive effect to the state judgment as would be given by a state court. Thus, state law does control.

plaintiff, the New Mexico Court of Appeals held that the trial court properly gave effect to the declaratory judgment because it had not been superceded or stayed and was enforceable. Id. However, the court expressly declined to decide whether the declaratory judgment was *res judicata* while an appeal of the judgment was pending. Id. Additionally, the court delayed its mandate affirming the summary judgment until thirty days after the disposition of the appeal of the declaratory judgment and directed to parties to make the court aware of matters resulting from the disposition of the appeal of the declaratory judgment that would affect the mandate on the appeal of the summary judgment. Id.

While Chavez is not directly on point, it suggests that a trial court may properly give preclusive effect to a judgment that is pending appeal if that judgment has not been stayed or superceded and would otherwise be enforceable. However, it also suggests that a court may properly stay its determination of the preclusive effect of a judgment until the appeal of that judgment has been exhausted. Thus, it offers this Court little direction in this case.

Jurisdictions outside New Mexico are split on the issue whether a pending appeal affects the application of *res judicata*. In Kittel v. First Union Mortgage Corp., 303 F.3d 1193 (10th Cir. 2002), a plaintiff brought a Truth in Lending Act claim in federal court against a mortgage company. The same mortgage company had previously prevailed against the plaintiff by default judgment in a foreclosure action in an Oklahoma state court. Id. at 1194. Plaintiff had filed a petition in state court to vacate the default judgment, and that petition was pending throughout the federal trial court and appellate proceedings. Id. The federal trial court held that the plaintiff's claim under the Truth in Lending Act was barred by res judicata because it should have been raised as a compulsory counterclaim in the state court action. Id. On appeal, the Tenth

5

Circuit noted that the default judgment upon which the trial court relied in applying *res judicata* might be vacated by the state court. Id. Under those circumstances, the Tenth Circuit found it appropriate to stay the appeal pending the state court's ruling on the petition to vacate the default judgment. Id.

The Tenth Circuit made no mention of Oklahoma state law in its opinion in <u>Kittel</u>. However, the Tenth Circuit likely considered Oklahoma state law with respect to *res judicata* since the court was required, like all federal courts, to give the same preclusive effect to the Oklahoma state court default judgment as would be given the judgment by an Oklahoma state court. In Oklahoma, a judgment is not given preclusive effect until all appeals have been exhausted. <u>See</u> <u>Nealis v. Baird</u>, 996 P.2d 438, 459 (Okla.1999). Thus, in Oklahoma, a judgment on which an appeal is pending is not entitled to be given preclusive effect.

Besides Oklahoma and the Tenth Circuit when applying Oklahoma law, several other jurisdictions will not give preclusive effect to a judgment on which an appeal is pending. These

jurisdictions include California,[2] Hawaii,[3] New Jersey,[4] Virginia,[5] Tennessee,[6] Puerto Rico[7] and Illinois.[8] However, the clear majority of jurisdictions hold that a final judgment is entitled to preclusive effect notwithstanding a pending appeal. These jurisdictions include Washington,[9]

---

[2]See Abelson v. National Union Fire Ins. Co., 35 Cal.Rptr.2d 13, 19 (Cal. App. 1994) (noting that under California law, a judgment is not final for purposes of preclusion while open to direct attack such as by appeal).

[3]See Pedrina v. Chun, 906 F.Supp. 1377, 1401-02 (D. Haw. 1995) (citing Littleton v. State of Hawaii, 708 P.2d 829, 833 (Haw. App. 1985)).

[4]Peduto v. City of North Wildwood, 696 F.Supp. 1004, 1008 (D.N.J. 1988) (citing Hodgson v. Applegate, 31 N.J. 29, 43, 155 A.2d 97 (N.J. 1959)).

[5]See Faison v. Hudson, 417 S.E.2d 302, 305 (Va. 1992) ("a judgment is not final for the purposes of res judicata or collateral estoppel when it is being appealed or when the time limits fixed for perfecting the appeal have not expired.").

[6]See Borg-Warner Protective Services Corp. v. Guardsmark, Inc., 946 F.Supp. 495, (E.D.Ky. 1996) ("Under Tennessee law, 'a judgment is not final and res judicata where an appeal is pending.'" quoting McBurney v. Aldrich, 816 S.W.2d 30, 34 (Tenn. App. 1991)).

[7]See Suarez Cestero v. Pagan Rosa, 198 F.Supp.2d 73, 86 (D.Puerto Rico 2002) (citing Rivera v. Insurance Co. of Puerto Rico, 103 P.R. Dec. 91 (P.R.1974)).

[8]See Pelon v. Wall, 634 N.E.2d 385, 388 (Ill. App. 1994) (holding that for *res judicata* purposes, a judgment is not final until the possibility of appellate review has been exhausted)

[9]See City of Des Moines v. $81,231 in U.S. Currency, 943 P.2d 669, 702 (Wash. App. 1997) ("a judgment becomes final for res judicata purposes at the beginning, not the end, of the appellate process" and "a judgment otherwise final remains so despite the taking of an appeal").

7

Nevada,[10] Georgia,[11] Arkansas,[12] Texas,[13] Connecticut,[14] Oregon,[15] Utah,[16] Colorado,[17] Florida,[18]

---

[10]See Clements v. Airport Authority of Washoe County, 69 F.3d 321, 329 n.7 (9th Cir. 1995) (interpreting Nevada law).

[11]See Denham v. Shellman Grain Elevator, 444 F.2d 1376 (5th Cir.1971) (citing to Pope v. Shipp, 144 S.E. 345 (Ga. App. 1928)).

[12]See Crockett & Brown, P.A. v. Wilson, 864 S.W.2d 244, 246 (Ark. 1993) ("finality for purposes of appeal is closely related to finality for purposes of res judicata").

[13]See Southwestern Elec. Power v. Martin, 844 S.W.2d 229, 236 (Tex.App.1992) (judgment is final for purposes of issue and claim preclusion despite the taking of an appeal unless the appeal is trial de novo).

[14]See Cicarelli v. Lipshetz, 7 Conn.Supp. 508 (Conn.Super. 1940) (A judgment of a court is a final judgment, notwithstanding an appeal is pending or might yet be taken.).

[15]See Sherwood v. Oregon Dept. of Transp., 11 P.3d 664, 668 n.7 (Or. App. 2000) ("The mere pendency of an appeal does not affect the preclusive effect of a prior judgment; however, once the prior judgment is reversed, it need not continue to be given preclusive effect.")

[16]See Youren v. Tintic School Dist., 86 P.3d 771, 773 (Utah App. 2004) (The fact that a final judgment in a prior suit is pending appeal does not affect the finality of the judgment for purposes of res judicata).

[17]See Stone v. Department of Aviation, 296 F.Supp.2d 1243, 1252 (D.Colo. 2003) (predicting Colorado law).

[18]See Capital Assur. Co., Inc. v. Margolis, 726 So.2d 376 (Fla. App. 1999) (pendency of an appeal does not diminish the res judicata effect of a dismissal).

8

Ohio,[19] Kansas,[20] Mississippi,[21] Wisconsin,[22] Pennsylvania,[23] and the courts of the United States when faced with the issue of the preclusive effect of a judgment from another court of the United States.[24] Thus, there is a clear weight and trend of authority for the proposition that a judgment is entitled to preclusive effect notwithstanding a pending appeal from that judgment.

New Mexico state courts often turn to the Restatement (Second) of Judgments for guidance on both issue and claim preclusion. See Bogle Farms, Inc. v. Baca, 925 P.2d 1184, 1191 (N.M. 1996); Kepler v. Slade, 896 P.2d 482, 486 (N.M. 1995); Rex, Inc. v. Manufactured Housing Committee of N.M., 892 P.2d 947, 952 (N.M. 1995); Shovelin v. Central New Mexico Elec. Co-op., Inc., 850 P.2d 996, 1001 (N.M. 1993); Manlove v. Sullivan, 775 P.2d 237, 242

---

[19]See Hapgood v. City of Warren, 127 F.3d 490, 494 n.3 (6th Cir. 1997) (citing Cully v. Lutheran Med. Ctr., 523 N.E.2d 531, 532 (Ohio App. 1987)); see also Dunham v. Board of Ed. of City School Dist. of City of Cincinnati, 99 N.E.2d 183, 185 (Ohio Com. Pl. 1950) (pendency of appeal does not prohibit application of claim preclusion).

[20]See Phelps v. Hamilton, 122 F.3d 1309, (10th Cir. 1997) (citing Willard v. Ostrander, 32 P. 1092, 1093-94 (1893)).

[21]See Raju v. Rhodes, 809 F.Supp. 1229, 1236 (S.D. Miss. 1992) (citing Smith v. Malouf, 597 So.2d 1299 (Miss.1992)).

[22]See Luebke v. Marine Nat. Bank of Neenah, 567 F.Supp. 1460, 1462 (D.C. Wis. 1983) (citing Slabosheske v. Chikowske, 77 N.W.2d 497 (1956)).

[23]See Shaffer v. Smith, 673 A.2d 872, 874-75 (Pa. 1996) ("A judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal.").

[24]See Suarez Cestero v. Pagan Rosa, 198 F.Supp.2d 73, 86 (D. Puerto Rico 2002) (citing 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction, § 4433 (1981) and stating that the federal rule of finality of judgment for res judicata purposes follows logically from Fed. R. Civ. P.62(c), and Fed. R. App. P. 8 which presume a district court judgment to be final and enforceable unless an application for stay and a supersedeas bond are presented to the district court); see also Amcast Indus. Corp. v. Detrex Corp., 45 F.3d 155, 158 (7th Cir. 1995); Washington v. State Street Bank & Trust Co., 14 Fed. Appx. 12, 16 (1st Cir. 2001) (unpublished opinion).

(N.M. 1989); Myers v. Olson, 676 P.2d 822, 824 (N.M. 1984). Restatement (Second) of Judgments § 13 comment f discusses the effect of appeals on the finality of judgments for purposes of preclusion and, while noting a disagreement in some jurisdictions, states that "[t]he better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo." Comment f also states, however, that "[i]t may be appropriate to postpone decision of [the preclusive effect of a judgment on which an appeal is pending] until the proceedings addressed to the judgment are concluded." In the Reporter's Notes to comment f, it is noted that postponing a decision on the preclusive effect of a judgment until an appeal of the judgment is final creates duplication of litigation or, at a minimum, a protraction of litigation "with the second action marking time until the entire process of appeal is completed in the first action." Thus, the Reporter's Notes state that the postponement of the second case pending the appeal of the judgment in the first case is not the best option unless the appeal will not be long delayed and there is a real doubt about the outcome.

Based on the weight and trend of authority from various jurisdictions, based on the general principles found in the Restatement (Second) of Judgments § 13 combined with the tendency of New Mexico state courts to look to the Restatement (Second) of Judgments for guidance on issues of preclusion, and based on the general principles of finality expressed in Chavez, 457 P.2d 382, I predict that New Mexico courts would give preclusive effect to a judgment of its own courts notwithstanding an appeal of that judgment. Thus, I conclude that the summary judgment in favor of Defendant and the Order of Dismissal With Prejudice entered on January 26, 2004 by the Twelfth Judicial District Court, County of Lincoln, State of New Mexico is entitled to be given preclusive effect in this case and is *res judicata* with regard to Plaintiff's

claims before this Court.

I further predict that, even if New Mexico courts would consider staying a case pending the outcome of an appeal of a prior judgment, a New Mexico court would not stay this case under these particular circumstances. In this case, the Court has no information on the likelihood of Plaintiff's success in appealing the state court judgment. Nor have the parties given this Court any indication on the likely time involved in the state court appellate process. Thus, a stay of this case is not an appropriate course of action.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Docket No. 28] is hereby GRANTED and Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE